# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Raven Renee Secondine, | ) | BK No. 21-02510-RM3-7 |
| | ) | |
|     Debtor(s), | ) | |
| | ) | |
| ERICA R. JOHNSON, Trustee, | ) | ADV. NO. |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARVANA, LLC; and | ) | |
| RAVEN RENEE SECONDINE, | ) | |
| | ) | |
|     Defendant. | ) | |

**COMPLAINT TO AVOID SECURITY INTEREST OF CARVANA, LLC; TO RECOVER VALUE OF AVOIDED TRANSFER; AND AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIEN**

Comes Erica R. Johnson, Trustee for the above-captioned estate, by and through counsel, and respectfully alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

2. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409(a).

## PARTIES

4. Raven Renee Secondine (the "Debtor") commenced the above-captioned proceeding by filing a voluntary chapter 7 petition on August 17, 2021 (the "Petition Date").

5. Erica R. Johnson was appointed as trustee in this proceeding and is currently serving in that capacity (the "Trustee" or the "Plaintiff").

6. Carvana, LLC (the "Defendant") is a corporation organized and existing under the laws of Arizona, with its principal place of business located at 1930 West Rio Salado Parkway, Tempe, Arizona 85281.

## FACTUAL BACKGROUND

7. Certain personal property described as a 2019 Kia Sorento (the "Vehicle") is titled in the name of the Debtor, with a scheduled value of $20,361.00. *See* Schedule A/B filed August 17, 2021 (Docket Entry 1 in Case 3:21-bk-02510).

8. The Vehicle is property of the bankruptcy estate pursuant to 11 U.S.C. §541.

9. The Debtor listed the Defendant on Schedule D of the petition as a secured creditor with an alleged lien against the Vehicle. *See* Schedule D filed August 17, 2021 (Docket Entry 1 in Case 3:21-bk-02510).

10. Upon information and belief, on May 13, 2021, the Debtor entered into a Retail Installment Sale Contract for the purchase of the Vehicle with the Defendant, which loan was to be secured by a lien on the Vehicle in favor of the Defendant (the "Transfer").

11. Upon information and belief, the Tennessee Department of Revenue issued a Certificate of Title on July 13, 2021, approximately sixty-one (61) days after the transfer between the Debtor and the Defendant occurred. A copy of the MVDS Vehicle Record is attached hereto as Exhibit "A" and made a part hereof.

12. On August 17, 2021, approximately thirty-five (35) days after the Defendant perfecting its lien on the Vehicle, the Debtor filed this bankruptcy case.

13. On September 23, 2021, the Trustee notified the Defendant in writing of the requirement to submit to the Trustee proof that its security interest has been perfected as required by Rule 3001-1 of the Local Rules of Court for the U.S. Bankruptcy Court for the Middle District of Tennessee (the "3001 Notice"). The 3001 Notice required the Defendant to comply with L.B.R. 3001-1 within twenty-one (21) days. *See* Docket Entry 15 in Case 3:21-bk-02510.

14. The 3001 Notice was served upon the Defendant, via U.S. Mail, postage prepaid, to the following addresses/agent:

   a. Carvana, LLC, c/o Corporation Service Company, Registered Agent, 2908 Poston Avenue, Nashville, Tennessee 37203, which is the registered agent for the Defendant; and

   b. Carvana, LLC, Attn: Lilly Guzman, PO Box 29018, Phoenix, Arizona 85038, which is the address disclosed on the Reaffirmation Agreement filed September 1, 2021. *See* Docket Entry 12 in Case 3:21-bk-02510.

15. The 3001 Notice was not returned to the Trustee as undeliverable.

16. To date, the Defendant has not responded to the 3001 Notice.

17. To date, the Defendant has not provide any evidence that its lien against the Vehicle was properly perfected within thirty (30) days of the Transfer.

18. The Trustee believes there is sufficient equity in the Vehicle to sell on behalf of the bankruptcy estate.

3

Case 3:21-ap-90160    Doc 1    Filed 11/15/21    Entered 11/15/21 14:26:56    Desc Main
Document      Page 3 of 6

## CAUSE OF ACTION

### Count I – Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547

19. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

20. The Application for Certificate of Title and Registration was made longer than thirty (30) days after the Transfer took effect between the Debtor and the Defendant.

21. The lien of the Defendant is avoidable pursuant to 11 U.S.C. § 547 as a preferential transfer because it was not perfected within thirty (30) days after the Transfer took effect between the Debtor and the Defendant and the perfection was applied for within ninety (90) days of the Petition Date.

22. The Defendant is the immediate transferee of the transfer and/or the entities for whose benefit the Transfer was made.

### Count II – Recovery of Property Transferred Pursuant to 11 U.S.C. § 550

23. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

24. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. § 547, the trustee may recover, for the benefit of the estate, the property transferred or the value of the property or payments made.

25. As set forth above, the Trustee is entitled to avoid the Transfer of the lien against the Vehicle pursuant to 11 U.S.C. § 547.

26. Pursuant to 11 U.S.C. § 550, the Trustee is entitled to an order of this Court directing that the lien against the Vehicle is recovered for the benefit of this estate.

27. Alternatively, pursuant to 11 U.S.C. § 550, the Trustee is entitled to an order of

this Court for the value of the Transfer from the Debtor to the Defendant.

### Count III – Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551

28. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

29. Pursuant to 11 U.S.C. § 551, any transfer avoided under § 547 of the Bankruptcy Code is preserved for the benefit of the estate, but only with respect to property of the estate.

30. To the extent that the Trustee prevails in avoiding the lien of the Defendant against the Vehicle, that lien position is preserved for the benefit of the estate and free and clear of any subordinate liens and/or claim of exemption made by the Debtor.

### Count IV – Noncompliance with L.B.R. 3001-1

31. The Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

32. The Defendant ignored the 3001 Notice by not timely providing proof that its asserted security interest has been perfected in accordance with applicable law.

33. The Defendant's continued failure to comply with the Local Rules has caused considerable delay and unnecessary expense to the Plaintiff as well as the U.S. Bankruptcy Court Clerk and the U.S. Bankruptcy Court.

34. A good faith dispute exists concerning the validity of the Defendant's lien because of the Defendant's failure to provide evidence of its claim (if any) and perfected lien (if any) as required by Rule 3001-1 of the Local Rules of Court for the U.S. Bankruptcy Court for the Middle District of Tennessee. The Plaintiff notified the Defendant in writing of the requirement to file its claim and/or provide proof of its perfected security interest on September 23, 2021. *See* Docket Entry 15 in Case 3:21-bk-02510.

35. The Plaintiff believes that the Defendant is not entitled to enforce a claim against the Debtor or the estate since it has not provided proof of its perfected security interest.

WHEREFORE, the Plaintiff requests that the Court enter an Order in this adversary proceeding:

A. Avoiding the lien of the Defendant against the Vehicle pursuant to 11 U.S.C. § 547;

B. Granting a judgment against the Defendant for recovery of the lien or value of the Vehicle for the benefit of the estate, pursuant to 11 U.S.C. § 550;

C. Preserving the avoided lien position for the benefit of the estate pursuant to 11 U.S.C. § 551;

D. Directing that the estate is entitled to the proceeds from the sale of the Vehicle free and clear of any interest asserted by the Defendant;

E. Directing the Debtor to turn over to the Trustee the Vehicle;

F. Awarding the Plaintiff reasonable attorney fees and that the Defendant be taxed with all the costs of this cause pursuant to L.B.R. 3001-1(b); and

G. Granting such other and further relief as is just and proper.

Dated this 15th day of November, 2021.

Respectfully submitted,

*/s/ Erica R. Johnson*
Erica R. Johnson (BPR No. 30939)
ERICA R. JOHNSON,
ATTORNEY AT LAW, PLLC
8161 Highway 100, Suite 184
Nashville, Tennessee 37221
(615) 347-5869 – Telephone
erica@erjlaw.com – Email
*Attorneys for Trustee/Plaintiff*